**In the Matter of Stanley M. HERBERT.**

**No. 80S00–8801–DI–137.**

Supreme Court of Indiana.

May 3, 1990.

Frank E. Spencer, Indianapolis, for respondent.

Mark A. Jones, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent in this case, Stanley M. Herbert, was charged in a one count complaint for disciplinary action with violating Rule 5–101(A) of the *Code of Professional Responsibility for Attorneys at Law,* subsequently superseded by the *Rules of Professional Conduct.* The case is now before this Court on a conditional agreement entered into by the Respondent and the Disciplinary Commission setting forth a statement of circumstances and an agreement for discipline.

Having reviewed the same, we find that the agreement should be accepted and approved.

In accordance therewith, we find that the Respondent drafted the Last Will and Testament of Stella E. Reed (Reed) dated April 30, 1985. The Will named the Respondent Reed's personal representative and also provided for a substantial bequest to the Respondent. Reed died on June 30, 1986, and, on July 3, 1986, the Respondent filed a Petition for Probate of Will and for Letters Testamentary. The court approved the petition on the same day and appointed Respondent Executor of the estate.

On June 25, 1987, the Respondent filed the "Executor's Final Account and Petition to Settle and Allow Account and for Authority to Distribute Estate." The trial court approved the same on July 15, 1987 by its "Decree of Final Distribution" which showed that a $3,000 bequest was distributed to one Eleanor Sprague, and that the balance of all other property passed to the Respondent by the terms of the Will.

The parties also have agreed that in this case certain circumstances existed which mitigate Respondent's actions. Thus, we find that when Stella Reed, on March 22, 1985, first informed the Respondent that she decided to name him as beneficiary, the Respondent immediately advised her that she should get disinterested advice from an independent competent person acquainted with the circumstances, and she agreed to do so.

About April 25, 1985, she again told Respondent that she wanted to have her Will concluded and stated how she wanted it done, including a bequest to Respondent. She further stated that she did not want any other lawyer involved in making her Will. She was a very strong-willed, independent woman, accustomed to making her own decisions; she had had a very unsatisfactory experience with another lawyer, and Respondent had given her a great deal of personal attentions in her business affairs.

We note that the Commission has agreed with the Respondent, in mitigation, that he conformed his conduct to Ethical Consideration 5–5 and that he felt these were exceptional circumstances. Although the Respondent advised Reed to seek independent counsel, he did not explain to her that, by preparing her Will with a bequest to himself, the exercise of his independent professional judgement could be affected by his own interests. The parties agree that the full disclosure requirement of Admission and Discipline Rule 5–101(A) requires as much. In light of this we conclude that, by his conduct, the Respondent violated Disciplinary Rule 5–101(A) of the *Code of Professional Responsibility for Attorneys at Law.*

We note further that Rule 1.8(c) of the present *Rules of Professional Conduct* which became effective January 20, 1987 and superseded Admission and Discipline Rule 5–101(A) of the *Code of Professional Responsibility for Attorneys at Law,* clarifies any misconception as to the intent of this prohibition and now provides that:

"A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee."

The parties have agreed that Respondent's misconduct warrants a public reprimand. The free exercise of independent professional judgment on behalf of a client is a cornerstone of any attorney-client relationship. The subtle pressures inherently present when a lawyer represents conflicting interests erode away the element of trust which must exist in such a relationship. Respondent's conduct in this case falls in this suspect category. In light of these considerations and the findings, we conclude that the agreed discipline is appropriate under the circumstances of this case.

Accordingly, the parties' agreement is hereby accepted and approved, and, by virtue of the misconduct set out above, the Respondent, Stanley M. Herbert, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., dissents and would disapprove the agreement finding the stipulated facts insufficient to charge misconduct.